**Tagged for publication**



**ORDERED in the Southern District of Florida on October 6, 2015.**

*John K. Olson, Judge*
*United States Bankruptcy Court*

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                      Case No.  **09-32936-JKO**

**Anastasia Kourogenis,**

         Debtor.                           Chapter  **7**
_____/

**ORDER DENYING MOTION TO REOPEN TO COMPEL
SURRENDER OF REAL PROPERTY [ECF 23]**

This case came before the Court on September 15, 2015 on Creditor Green Tree Servicing LLC's ("Green Tree") Motion to Reopen Case to Compel Surrender of Real Property [ECF 23].

### Background

This Chapter 7 case was filed on October 22, 2009.  The Debtor's Statement of Intentions indicated that the Debtor was surrendering her interest in the subject real property (the "Property")

located at **7615 NW 72nd Avenue, Tamarac, FL** and that the Property was not claimed as exempt [ECF 1]. The Debtor listed the Property on Schedule A reflecting that the value of the Debtor's interest in the Property was $178,500.00. On Schedule D, the Debtor listed a secured claim on the Property in the amount of $211,396.00, and the claim was not listed as disputed.

On December 8, 2009, the Trustee filed her Chapter 7 Trustee's Report of No Distribution [ECF 14]. Shortly thereafter, on February 3, 2010, this Court entered an Order Discharging the Debtor [ECF 19]. On April 21, 2010, this Court entered its Final Decree and closed the case [ECF 21].

On July 23, 2015, more than 5 years after the case was closed, Green Tree filed its Motion to Reopen to Compel Surrender of Real Property [ECF 23]. Green Tree moves this Court to enter an order, pursuant to 11 U.S.C. § 521(a)(2)(B), "barring the Debtors [sic] from continuing to contest the Foreclosure Action" styled *Green Tree Servicing LLC v. Anastasia Kourgenis*, et al., in the Seventeenth Judicial Circuit in and for Broward County Florida, case number CACE0902297 (the "Foreclosure Action").

**Analysis**

11 U.S.C. § 521(a)(2)(B) states:

> The debtor shall . . . (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate – (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph.

Here, the Debtor did not claim the Property as exempt and marked surrender on the Statement of Intentions [ECF 1]. However, it would appear, that the Debtor has continued to defend the foreclosure action in Broward County Circuit Court.

## Laches

"Laches is a defense sounding in equity that serves to bar suit by a plaintiff 'whose unexcused delay, if the suit were allowed, would be prejudicial to the defendant.'" *See Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers*, 781 F.3d 1271, 1283 (11th Cir. 2015) (*citing Russell v. Todd*, 309 U.S. 280 (1940)). One of the most fundamental principles of equity jurisprudence is that equity aids the vigilant, not those who sleep on their rights.[1] This general rule was brilliantly summarized in the late 18th century by the English Lord Chancellor Camden[2] in *Smith v. Clay,* 3 Brown Ch. 638:

> A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands, where the party has slept upon his rights, and acquiesced for a great length of time. Nothing can call forth this court into activity but conscience, good faith, *and reasonable diligence.*

*See* 1 Pomeroy's Equity Jurisprudence § 419 (1905).

This case was filed on October 22, 2009 [ECF 1]. On February 3, 2010, this Court entered an order discharging the Debtor, thereby effecting stay relief to Green Tree. More than 5 years later, Green Tree seeks to reopen this bankruptcy case because the Debtor allegedly did not "perform her

---

[1]Vigilantibus non dormientibus æquitas subvenit.

[2]Charles Pratt, the First Earl Camden, served as Lord Chancellor from 1766-70.

intention with respect to the real property" within 30 days of her statement of intention. Green Tree and its predecessors have slept on their rights. This Court, as a court of equity, will not assist it.

A fundamental premise of the bankruptcy system is to give honest debtors a fresh start. This Debtor completed her Chapter 7 bankruptcy and was issued a discharge on February 3, 2010. If this Court were to grant Green Tree's Motion to Reopen [ECF 23], the Debtor's fresh start would be undone, the Debtor would be dragged back into a bankruptcy that ended more than 5 years ago, and every aspect of the Debtor's intervening financial life would be subject to being scrutinized years after the fact.

Green Tree's Motion to Reopen [ECF 23] seeks relief that could have been sought long ago. Reopening this case would prejudice the Debtor. Accordingly, the elements of the defense of laches are met and Green Tree is barred from the relief it seeks.

**Additional analysis**

A homeowner's ability to fight a foreclosure action after agreeing to surrender the subject real property on his or her Statement of Intention in a prior bankruptcy case is not an issue of first impression in the Florida Bankruptcy Courts.

Judge Williamson, in *In re Metzler*, analyzed the meaning of the term "surrender" under 11 U.S.C. § 521. *See In re Metzler*, 530 B.R. 894, (Bankr. M.D. Fla. 2015). In *Metzler*, the Court confirmed the Debtor's Chapter 13 Plan (the "Plan"). The Plan indicated that the Debtor intended to surrender her homestead. After confirmation, the Debtor actively defended secured lender Wells Fargo's foreclosure action in state court.

Judge Williamson concluded that, pursuant to 11 U.S.C. § 521, the Debtor had a duty to "perfom her intention [to surrender the property] within 30 days after the date first set for the meeting of creditors." *See Metzler*, 530 B.R. at 898. The Court concluded that "'[s]urrender' must mean something." *Id.* at 900. Pulling from analysis in the First[3] and Fourth[4] Circuits, Judge Williamson concluded that surrender means that the debtor must relinquish secured property and make it available to the secured creditor by refraining from taking any overt act that impedes a secured creditor's ability to foreclose its interest in secured property. Judge Williamson concluded that opposing a foreclosure action would constitute such an impermissible overt act.

Chief Judge Jennemann, in *In re Plummer*, also engaged in a critical discussion of the term "surrender." However, in *Plummer*, the Court determined that

> "'surrender' does not require the debtor to turn over physical possession of the collateral; the Bankruptcy Code uses the word 'deliver' when it intends physical turnover of property. Moreover, construing 'surrender' to require the debtor to deliver property to the secured creditor would circumvent state law obligations by allowing the secured creditor to bypass state foreclosure requirements. 'Surrender' is not equivalent to 'foreclosure.' Section 521 was not designed to provide a mechanism by which creditors may avoid obligations imposed by state law."

*In re Plummer*, 513 B.R. 135, 243 (Bankr. M.D. Fla. 2014).

This Court concludes that Chief Judge Jennemann's nuanced approach in *Plummer* appropriately distinguishes between "surrender" and "foreclosure." Whatever the meaning of

---

[3] *In re Pratt,* 462 F.3d 14 (1st Cir. 2006).

[4] *In re White,* 487 F.3d 199 (4th Cir. 2007).

"surrender" under Section 521, it cannot possibly mean that a party who, for instance, does not own the note and mortgage can nonetheless foreclose on the property, without the Debtor being heard, solely because the Debtor indicated an intent to surrender.

That is not to say that a Debtor who indicated an intent to surrender property in her bankruptcy case gets a free pass.  Rather, she could properly be confronted in the state court foreclosure case with the legal consequences of her indicated intent to surrender.  Having indicated an intent to surrender, and having obtained the benefits of her bankruptcy filing (including the issuance of a Chapter 7 discharge), she could be confronted by the foreclosing plaintiff with an argument that her continued defense of the foreclosure case is barred by judicial estoppel.

Judicial estoppel is an equitable doctrine applied at the discretion of the court.  *New Hampshire v. Maine,* 532 U.S. 742 (2001).  The Eleventh Circuit considers two factors in the application of judicial estoppel in cases pending in a federal court and arising under federal law: (1) "it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding;" and (2) "such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 at 1285 (11th Cir. 2002).  The doctrine of judicial estoppel is not fully developed in this Circuit, or indeed anywhere in the federal courts.[5]  Judicial estoppel has traditionally been applied to fact questions: Was the light red or green?  Can the accident victim raise his arm above his head, or not?  *See* K. A. Davis, *Judicial Estoppel and Inconsistent Positions of Law Applied to Fact and Pure Law,* 89 Cornell

---

[5]As the Supreme Court noted in *New Hampshire v. Maine,* the analytical factors it listed there were neither "inflexible prerequisites [n]or an exhaustive formula."  532 U.S. at 751.

L.Rev. 191 (2003).  The application of the doctrine to questions of pure law, or to mixed questions of fact and law, is far less developed.  Over the last few years, it has been applied to debtors in bankruptcy who fail to disclose assets or contingent assets in their bankruptcy schedules but then later seek to pursue a known claim in post-bankruptcy litigation.  *In re Knight-Celotex, LLC,* 695 F.3d 714 (7th Cir. 2012); *Guay v. Burack,* 677 F.3d 10 (1st Cir. 2012); *Pavlov v. Ingles Markets, Inc.,* 236 F.App'x 549 (11th Cir. 2007).

The doctrine of judicial estoppel has long been recognized in the Florida courts, beginning with the lead case of *Palm Beach Co. v. Palm Beach Estates,* 148 So. 544, 549 (Fla. 1933), abrogated on other grounds, *Ed Ricke & Sons Inc. v. Green,* 609 So.2d 504, 506 (Fla. 1992).  For judicial estoppel to apply under Florida law, (a) the position assumed in the prior trial must have been successfully maintained; (b) the positions must be clearly inconsistent; (c) the parties and issues must be the same; and (d) the party claiming estoppel must have been misled and have changed its position.  *Chase & Co. v. Little,* 156 So. 609, 610 (Fla. 1934).  More recently, Florida courts have declined to apply judicial estoppel where the party sought to be estopped did not use "intentional self-contradiction to obtain an unfair advantage in litigation."  *Grau v. Provident Life & Accident Assurance Co.,* 899 S.2d 396, 399 (Fla. 4th DCA 2005).  It is clear that the application of judicial estoppel in a Florida state court is nuanced, balanced, and discretionary.

But in all these cases dealing with judicial estoppel, the decision to apply judicial estoppel to bar a claim is always made in the second court: having taken a position in the bankruptcy court, a former debtor may be estopped from taking an inconsistent position in a second forum as a matter of judicial discretion as exercised by the second court.  *New Hampshire v. Maine, supra.*  Judicial

estoppel can never be asserted in the prior forum so as to bind the subsequent forum, for to do so in a situation like that presented here would be for the bankruptcy court to intervene in post-bankruptcy litigation pending elsewhere. It is not this Court's place to exercise the judicial discretion entrusted to the Circuit Court for Broward County in which the foreclosure case at issue is pending. To do so would be to interfere in the judicial deliberations of another sovereign and would turn federalism on its head. Just as federal courts below the Supreme Court cannot act in an appellate capacity over state court judgments under the *Rooker-Feldman* Doctrine,[6] so too are federal courts without jurisdiction to intervene in pending state court litigation to tell the state court how or if it should exercise its judicial discretion in cases pending before it. This Court rejects the notion that it can act as a quasi-theatrical *deus ex machina* to intervene in pending state court proceedings to "solve" them on behalf of a lender who has to date been unable to complete a foreclosure.[7]

## Conclusion

The movant before the Court slept on its rights for 5 years. The equity jurisdiction of this Court cannot be exercised in favor of a creditor which has failed to be diligent. Laches bars the relief sought by the movant.

Even if laches did not bar the relief sought here, that relief is nonetheless unavailable because it is outside the jurisdiction of this Court. Federal courts simply cannot intervene in pending state

---

[6] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[7] The Court certainly understands and sympathizes with the frustrations of a litigant whose efforts to assert its post-bankruptcy creditor rights have been thwarted, and understands the motivation to "do something" reflected in *Metzler* and similar cases. This Court is satisfied that principles of federalism preclude it from "doing something" in this case.

court litigation to give instruction to a state court on how it should exercise its judicial discretion. Resolution of the foreclosure dispute in state court does not mean that the ex-Debtor gets a free pass. The foreclosing lender is fully entitled to argue judicial estoppel in the foreclosure case. It is in the forum of the state court that the lender may argue that the ex-Debtor is now barred by the equitable doctrine of judicial estoppel from raising whatever defenses the ex-Debtor is now asserting.

Accordingly, it is hereby **ORDERED** that Green Tree's Motion to Reopen [ECF 23] is **DENIED**.

###

Copies to: All parties in interest